UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAICHID RAFIK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 19 C 5578 |
| v. ) | |
| ) | Judge Sara L. Ellis |
| MATERIAL HANDLING SYSTEMS, INC.; ) | |
| UNITED PARCEL SERVICE., INC.; ) | |
| ) | |
| Defendants. ) | |

## **OPINION AND ORDER**

Plaintiff Raichid Rafik brought this lawsuit against Defendants Material Handling Systems, Inc. ("MHS") and United Parcel Service, Inc. ("UPS") arising out of an injury Rafik suffered while working at a UPS sorting facility in Addison, Illinois, where MHS had designed, installed, and maintained the package handling system. UPS filed a cross-claim against MHS, seeking contribution from MHS for any judgment entered against UPS pursuant to the Illinois Joint Tortfeasor Contribution Act (the "Contribution Act"), 740 Ill. Comp. Stat. 100/1 *et seq.* MHS filed a motion to dismiss the cross-claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Because the Court finds that UPS has not sufficiently alleged a basis for contribution, the Court grants MHS' motion.

### **BACKGROUND**[1]

While working at a UPS facility in Addison, Illinois on April 25, 2017, a package containing a metal disc weighing approximately ten pounds fell on Rafik, striking him on the head and causing him to sustain a traumatic brain injury. MHS designed, planned, maintained,

---

[1] The Court takes the facts in the background section from Rafik's complaint and UPS' cross-claim and treats them as true for the purpose of resolving MHS' motion to dismiss. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011); *Local 15, Int'l Bhd. of Elec. Workers, AFL-CIO v. Exelon Corp.*, 495 F.3d 779, 782 (7th Cir. 2007).

serviced, repaired, built, constructed, and/or installed the package handling system at the UPS facility. Rafik alleges that MHS knew or should have known that the package handling system lacked the required traps, nets, baskets, and/or similar safety devices necessary and sufficient to prevent items from falling from the package handling system and striking people below. Rafik further alleges that MHS owed a duty to exercise care so as to avoid personal and pecuniary injury to Rafik, but that despite such duty, MHS acted negligently. Rafik also contends that UPS acted negligently by failing to preserve the metal disc and box that fell on him. Rafik claims UPS' actions have caused him damages because he cannot prove his action against the shipper and/or packagers of the metal disc.

In its cross-claim, UPS seeks contribution from MHS pursuant to the Contribution Act. UPS adopts Rafik's allegations of MHS' negligence. It then claims that should UPS be held liable to Rafik, UPS is entitled to contribution from MHS due to MHS' negligence. It seeks contribution from MHS, in whole or in part, in an amount commensurate with MHS' *pro rata* share of their common liability to Rafik.

## LEGAL STANDARD

A motion to dismiss under 12(b)(6) challenges the sufficiency of the cross-claim, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the cross-claim and draws all reasonable inferences from those facts in the cross-claimant's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the cross-claim must not only provide the cross-defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

MHS seeks dismissal of UPS' cross-claim brought under the Contribution Act. The Contribution Act provides that "where 2 or more persons are subject to liability in tort arising out of the same injury to a person or property . . . there is a right of contribution among them, even though judgment has not been entered against any or all of them." 740 Ill. Comp. Stat. 100/2(a). Additionally, "the right of contribution exists only in favor of a tortfeasor who has paid more than his pro rata share of the common liability, and his total recovery is limited to the amount paid by him in excess of his pro rata share." 740 Ill. Comp. Stat. 100/2(b). Further, the Contribution Act includes a subrogation right:

> Anyone who, by payment, has discharged in full or in part the liability of a tortfeasor and has thereby discharged in full his obligation to the tortfeasor, is subrogated to the tortfeasor's right of contribution. This provision does not affect any right of contribution nor any right of subrogation arising from any other relationship.

740 Ill. Comp. Stat. 100/2(f).

MHS argues that the Contribution Act does not apply in this case because Rafik's complaint seeks to recover from MHS and UPS for different injuries: (1) for personal injury caused by MHS' alleged negligence; and (2) for UPS' failure to preserve evidence, which has prevented Rafik from pursuing claims against other potentially culpable persons. MHS contends that UPS cannot "limit its *distinct* liability to [Rafik] for spoliation of evidence" by "inherit[ing] the duty MHS allegedly owed to [Rafik] in [UPS'] cross claim to recoup damages for a completely separate and distinct duty it owed to [Rafik] to preserve evidence." Doc. 28 at 3.

3

The Illinois Supreme Court has recognized that contribution does not apply between a defendant potentially liable for personal injury and a defendant potentially liable for spoliation of evidence because the two defendants' "potential liability arise[s] from two different injuries." *Boyd v. Travelers Ins. Co.*, 166 Ill. 2d 188, 198 n.3 (1995); *see also Stinnes Corp. v. Kerr-McGee Coal Corp.*, 309 Ill. App. 3d 707, 718 (1999) ("[F]ailure to preserve evidence is an independent tortious act from the tortious act which caused [the plaintiff's] injuries."). UPS concedes that it cannot directly seek contribution against MHS for any spoliation damages. Instead, UPS argues that, based on Rafik's complaint, Rafik will claim that UPS' alleged destruction of the package and disc deprived Rafik of a claim against the shipper for negligent packaging. According to UPS, this means that if a jury finds UPS liable for evidence spoliation, the damages will amount to what Rafik could have recovered from the shipper. *See Schusse v. Pace Suburban Bus Div. of Reg'l Transp. Auth.*, 334 Ill. App. 3d 960, 966 (2002) ("[T]he measure of damages in a spoliation of evidence claim will be similar to that which could have been obtained in an underlying tort action[.]"). UPS supposes that, under the Contribution Act, the shipper could seek contribution from MHS to the extent that the design and maintenance of the package handling system contributed to the disc falling from the package onto Rafik. *See* 740 Ill. Comp. Stat. 100/2(a). Therefore, UPS argues that should it have to pay damages on behalf of the shipper due to the alleged spoliation of evidence, UPS may step into the shipper's shoes and assert a contribution claim against MHS.

While the shipper would possibly have a contribution claim against MHS if Rafik sued it for personal injury, the allegations do not suggest that UPS is entitled to subrogation so as to pursue the shipper's contribution claim. "Subrogation allows one who has involuntarily paid a debt or claim of another to succeed to the rights of the other with respect to that claim or debt."

4

*Chung v. Pham*, 2020 IL App (3d) 190218, ¶ 70 (citing *Dix Mut. Ins. Co. v. LaFramboise*, 149 Ill. 2d 314, 319 (1992)). First, UPS argues that equitable subrogation applies, which "rests on the principle that substantial justice should be attained by placing ultimate responsibility for the loss upon the one against whom in good conscience it ought to fall." *Dix Mut. Ins. Co.*, 149 Ill. 2d at 319. "One who asserts a right of subrogation must step into the shoes of, or be substituted for, the one whose claim or debt he has paid and can only enforce those rights which the latter could enforce." *Id*. Equitable subrogation is intended "to prevent injustice and unjust enrichment but will not be allowed where it would be inequitable to do so." *Id*.

UPS contends that it would be fundamentally unfair if it cannot assert the shipper's claims or defenses to counter Rafik's damages request. While UPS may have some argument that these claims or defenses would be relevant to damages on the spoliation claim, that damages award remains separate and apart from any liability the shipper or MHS may have to Rafik for his personal injuries. *See Stinnes*, 309 Ill. App. 3d at 717–18 ("[T]he alleged negligent spoliation of evidence is separate from the personal injury suit brought by [the plaintiffs] for the injuries they sustained in the coal-mining vehicle accident."). Further, if anything, UPS' alleged destruction of evidence prevents MHS from effectively arguing that the shipper, and not MHS, caused Rafik's injury. It would be fundamentally unfair for UPS to turn its alleged wrongdoing on its head and seek to decrease its liability based on MHS' alleged negligence. *See Dix Mut. Ins. Co.*, 149 Ill. 2d at 319 ("[S]ubstantial justice should be attained by placing ultimate responsibility for the loss upon the one against whom in good conscience it ought to fall."). Accordingly, the Court cannot find that UPS has alleged a right to equitable subrogation.

UPS also contends that it has a right to statutory subrogation under Section 2(f) of the Contribution Act. The Contribution Act affords the right to subrogation only to a party "who, by

5

payment, has discharged in full or in part the liability of a tortfeasor and has thereby discharged in full his obligation to the tortfeasor." 740 Ill. Comp. Stat. 100/2(f).  UPS argues that this means that, "if UPS discharges the obligation of the shipper, it gains the shipper's contribution claim." Doc. 46 at 3.  But even if Rafik prevails against UPS, the damages award would not amount to UPS discharging the shipper's obligation but rather impose a distinct obligation on UPS to Rafik. Because UPS would have no obligation to the shipper to discharge, the Contribution Act does not support UPS' attempt to obtain contribution from MHS through statutory subrogation.

Finally, UPS argues in its response that UPS' contract with MHS confers a right of contribution, indemnity, and defense.  But UPS' contribution claim, as pleaded in its cross-claim, is based on statute, not contract.  UPS cannot amend its claim through arguments raised in its response, so the Court does not address the viability of UPS' contractual argument.  *See Gomez v. Ill. State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987).  Therefore, UPS has not sufficiently alleged a valid contribution claim.[2]  Although the Court doubts a viable basis exists for a contribution or indemnification claim based on the facts of this case, the Court dismisses the cross-claim without prejudice given UPS' belated assertion of a potential alternative basis for recovery against MHS.

## CONCLUSION

For the foregoing reasons, the Court grants Defendant/Cross-Defendant MHS' motion to dismiss [28].  The Court dismisses UPS' cross-claim against MHS without prejudice.

Dated: July 29, 2020

SARA L. ELLIS
United States District Judge

---

[2] The Court need not address MHS' argument that the economic loss doctrine bars UPS' claim because it concludes that other bases exist to dismiss the contribution claim.